## LOUIS DELACROIX *v.* J. NOLAN.—ADELINE DELACROIX, Intervenor.

*Where a husband sells the property of the wife, and she appears and makes herself a party
to the act, with knowledge of her rights, she thereby consents to the sale. Wives should,
under such circumstances, be held to the same rules as other persons, who consent to
the sale of their property by another.*

APPEAL from the District Court of West Baton Rouge.   *Burk,* J.   *Lacy,*
for plaintiff.   *Greves,* for defendant.   By the court:

PRESTON, J.   The plaintiff alledges, that in his own right, and as tutor of his
minor child, *Avinente,* he is the legal owner, together with *Mrs. Adeline Gor-
ret,* of a small tract of land, situated in the parish of West Baton Rouge.   He
claims, that it belongs to them, by inheritance from his deceased wife, *Felicite
DeLacroix,* one of the heirs of *Xavier Theriot,* as having been ceded to her by
the other heirs, on account of her rights in the succession.

He alledges, that the defendant has taken possession of the land, without color
of title, but, on the contrary, with a full knowledge of the title of the true own-
ers; that he has cut down, carried away, and used the timber, which is valuable,
and thereby caused the owners damage, to the amount of two thousand dollars.
He asks judgment in their favor for the land and damages.

*Mrs. DeLacroix* intervenes, and denies that the defendant has any valid title
to the land, and claims twenty-five, out of thirty-two parts of it.   She pleads,
and it is sufficiently shown by her and the plaintiff, that the land was the sixth
of a tract which belonged to *Xavier Theriot.*   He died, leaving six heirs.   Five
of them ceded the sixth of the tract to *Felicite Theriot,* the remaining heir, on
account of her rights in the succession.   She was the first wife of the plaintiff,
the mother of the intervenor, and the sixth of the tract thus ceded, is the land
in controversy.

*Felicite Theriot* died, leaving two children, by the plaintiff, the intervenor,
and a daughter, who inherited from her the land in controversy, in equal por-
tions.   The plaintiff married a second time, by which marriage he has a son.
One of the children, by his first marriage, died.   The intervenor inherited
from her 9-32 parts of the land, making her whole interest 25 out of 32 parts.
The plaintiff, as father, and his child, as half-brother to the deceased, inherited
the first four and the last three parts, out of thirty-two of the land.

The defendant plead *lis pendens,* that the same claims were sued for, in the
suit we have just decided.   He does not make that clearly appear.   Nor does
he satisfy us, as plead by him, that the heirs of *Xavier Theriot* transferred to
him the land in controversy, by the transfer to him of a suit against one *Brous-
sard,* in relation to their lands, and which resulted in a favorable decision.

He next pleads, that he purchased the land from the intervenor and husband, on
the 19th of October, 1846.   We have seen, that she owned twenty-five, out of
thirty-two parts of the land.   The defendant produces a notarial bill of sale, of
that date, for the whole tract, from *Cheri L. Gorret,* the husband of the
intervenor.   The land did not belong to him, but to the wife; still, we think the

act is binding upon her. She appeared, and made herself a party to the act, with all the knowledge of her rights, in relation to the land which she now possesses. She thereby consented, that the land should be sold to the defendant. Even, if she thought she could defraud him, which is by no means to be supposed, she should not be permitted to do so. We cannot see why wives should not, under such circumstances, be held to the same rules with other persons, who consent to the sale of their property by another.

There are strong expressions in the deed, unusual in the mere renunciation of a wife's legal mortgage. She renounces all her rights, as well as those of mortgage; she ratifies the act of sale; she binds herself and her heirs, at all times, to ackowledge the validity of the act of sale, as well as her renunciation. She did all this out of the presence of her husband, and then signed the act by his authority. There is not the slightest reason to believe, that either he, or the notary, exercised any undue influence. or practiced any fraud upon her, or that she was ignorant that the land belonged to her. And even, if from obscurity in the expressions of the cession of the heirs, *Theriot,* of the land, to the husband for her, they believed that the land was conveyed to, and belonged to the husband, the result would be the same. They intended to convey it, with an entirely unincumbered title to the defendant. We have no hesitation, therefore, in pronouncing that *Nolan* acquired from them a good title to twenty-five, out of thirty-two parts of the land.

The plaintiff and his son are entitled to recover the other seven parts of the land. Shall they recover damages? They caused a suit to be instituted against the defendant for the whole tract, when but a small part of it belonged to them. Their evidence is so weak, as to their inheritance from the deceased child by the former marriage, that we should be obliged to nonsuit them, but for the verdict of a jury of the vicinage.

The evidence does not satisfy us, that the defendant knew, or believed, they had any rights to the land, when he purchased it from *Gorret.* The communication of Duralde, the notary, at the time of the sale, show no clear outstanding title to any part of it. The inheritance of the plaintiff and his son, through the deceased daughter, was not mentioned, much less explained, to the defendant. He took from *Gorret* a formal title to the whole land, and, in our opinion, possessed it in good faith, until the institution of this suit. We do not believe the land has been injured by the use and improvements of the defendant.

The defendant is entitled to warranty against *Cheri Gorret,* but not against the wife. He sold the land belonging to the plaintiffs, and which they are entitled to recover. She could not become security for, or warrant the lawful, much less the unlawful acts of her husband, and the bill of sale, so far as it tends to that effect, is invalid.

It is decreed, that the judgment of the district court be affirmed in favor of the plaintiffs, respectively, for four and three thirty-second parts of the tract of land claimed, with costs in the district court; that the judgment in favor of the intervenor, *Adeline Gorret,* for the twenty-five thirty-second parts of the land be reversed, and it is decreed, that she pay the costs of her intervention in the district court, and half the costs of this appeal. The judgment in favor of the plaintiffs, for damages, is also reversed, and they are condemned to pay half the costs of this appeal. It is further decreed, that *John Nolan,* the defendant, recover from *Cheri Laurent Gorret,* his warrantor, two hundred and ninety-three dollars, for the price paid by him for fourteen and two-thirds of an acre of ground, at twenty dollars an acre, of which he has been evicted, with legal interest, from this date until paid, and costs in the district court.