(40 South. 912.)

No. 15,782.

CORMIER et ux. v. HOYT et al.

(March 26, 1906.)

HOMESTEAD — RENUNCIATION—EXAMINATION OF MARRIED WOMAN.

A married woman may sign a renunciation with her husband of a homestead, and be thereby bound without the necessity of her examination as a renouncer out of the presence of her husband, and without the necessity of a recital in the deed that she observed the formalities required by article 129 of the Civil Code touching her paraphernal rights. The jurisprudence of other states under different laws is not persuasive on the subject.

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Philip Sidney Pugh, Judge.

Action by Julien Cormier and wife against E. T. Hoyt and others. Judgment for defendants, plaintiffs appeal. Affirmed.

Medlenka & Taylor, for appellants. Hampden Story, for appellees.

BREAUX, C. J. A debtor and his wife, having renounced the homestead right on the property of the former, seek to set aside the renunciation.

The land was acquired by the husband from the United States government under the homestead law.

Some time after he had acquired title he executed a mortgage thereon in favor of E. T. Hoyt, mortgagee, to secure the payment of certain promissory notes amounting in all to $3,800. These notes were assigned to the de-

fendant. The mortgagor Cormier and his wife signed the act of mortgage, although the property belongs exclusively to the former.

To the act of mortgage was annexed their renunciation of the homestead.

On the maturity of part of the debt the defendant proceeded to foreclose.

The plaintiff with his wife filed an intervention and third opposition in which they alleged that they were entitled to hold the property mortgaged, it being their homestead.

They asked of the court not to permit the land to be sold unless it brought the amount to which he, intervenor and third opponent, was entitled under the homestead law; but if it brought over the amount then that he be permitted to recover the amount to which he would be entitled under the law.

The prayer of intervener and third opponent was granted to the extent needful to afford him a hearing before the court.

The grounds of complaint set up by the intervener and third opponent are that they did not know that they were renouncing their homestead right.

They allege that they have their home on the land mortgaged and that they have a minor son dependent upon them for support, and that being very poor, they are within the terms of the homestead law; that they were ignorant of their legal rights when they signed the mortgage; that they are illiterate. They specially allege that the waiver and renunciation is invalid, and not binding upon them, for the reason substantially stated as follows: That the mortgage and renunciation were executed without reading it, and that it was not explained to them; that the act fails to declare that before receiving the signature of the wife to the renunciation the notary explained to her out of the presence of her husband the nature of her rights and of the deed she was about to sign.

Plaintiff and his wife in their testimony agree in stating that they voluntarily signed the act of mortgage and the renunciation of the homestead; that no attempt was made to take advantage of them. Their complaint is, as witnesses, that they did not understand that they were signing a renunciation that might result in the total loss of their home.

We can only say here that if, owing to their negligence, they signed an act, which they should not have signed without understanding it, the law affords them no relief.

Touching the charge that the notary had not explained the act to them; the notary's testimony must have some weight unless discredited in some way. He testified that he read the act of mortgage to the mortgagor, and that he explained fully to the wife several times out of the presence of her husband the nature of the act, although there was really no necessity as she was not a necessary party to the act of mortgage; that the whole transaction was talked over among the parties; that is, the mortgagor and mortgagee and his wife at such great length that he did not for a moment suspect that any one connected therewith did not know what he was doing.

The act of mortgage was signed by witnesses, neither of whom testified that the least advantage was taken of the mortgagor.

Now, as relates to the renunciation of the homestead annexed and forming part of the mortgage, it is written in the usual form of such renunciations. It was specially in favor of the mortgagee. The notary states he explained to the wife the nature of her rights out of the presence of her husband, and that she signed it after the nature of her rights had been explained to her.

We will not dwell further upon the subject of undue advantage taken for the testimony does not sustain the charge.

But the contention of plaintiff is that the wife was not called upon to renounce, and the notary did not mention in the act that he

had complied with the requirements of article 129 of the Civil Code. The plaintiff urges that the wife must renounce in due form all her matrimonial, paraphernal, "and other rights," and mention must be made of the renunciation.

In order to justify us in enforcing that provision in this case, we would have to read the words quoted above, "and other rights", in the Constitution as including also the right on the homestead to be renounced only as before mentioned; that is, that the wife must renounce by appearing before a notary and by formal declaration.

After a careful consideration of the article of the Constitution bearing upon the question, we have not found it susceptible of such interpretation. What might be done by legislative action is not for us to consider. It suffices for us to state that judicial construction would not justify the reading of the article as if it contained the words cited.

The following it seems to us, makes it clear. The husband as head of the family was the beneficiary. The right was his, to quote the words of the Constitution:

"Any person entitled to a homestead may waive the same by signing with the wife a written waiver in whole or in part." Const. art. 246.

This all relates to the husband in our case, the head of the family, and not to the wife.

If the husband had made a general waiver of his homestead right under the plain terms of the Constitution unquestionably there would have been no necessity of appearing before a notary.

That being the case, touching a renunciation in general terms, we would not be warranted in imposing a limit when the husband and wife specially renounce in favor of a mortgagor. In other words, the formality required by the cited article not being required when the renunciation is general, it follows that it cannot be required when the renunciation is special.

The customary signification of the words of the article of the Constitution, touching homestead is and has always been, as we understand it, only necessary for the wife to know the nature of the waiver she is about to sign, and that there is no necessity of her appearing before a notary and going through a form of solemn renunciation out of the presence of her husband.

Again, with reference to this renunciation, there is here application of the rule ejusdem generis. That is, general terms are restricted to things of the same kind with those particularized in the law or in the act. The res or thing at issue in the pending case is different from the res or thing particularized in the article of the Civil Code cited supra.

The following, we think, explains: The notary public shall detail in the act and verbally explain to the married woman out of the presence of her husband the nature of her rights and of the contract she agrees to.

That is the language and substance of the article of the Code in question.

But, here, the wife has no right. Whatever right she has is eventual, and arises only in the event of the death of her husband.

True, her signature is required, but she really renounces no actual right.

She has no direct interest in the homestead rendering it necessary that she should be instructed out of the presence of her husband touching the nature of homestead right, nor can she require any such recital in the mortgage.

The formalities required under the laws of other states and the decisions of the courts of those states cannot be held controlling. The rights of the wife under the common-law system are different. They seem to be greater during the marriage. Wives have more voice and control than wives have under the civil-law system. They, under the former, have their right of dower, which is a right in the property itself. Under the latter

system, however, wives seem to have greater rights after the community has been dissolved by death or by separation.

The formalities are necessarily different, and for that reason the decisions are not controlling.

It only remains for us to affirm the judgment.

By reason of the law, and the evidence being with plaintiff, the judgment is affirmed.