(45 South. 926.)

No. 16,766.

COLEMAN v. WAX et al.

(March 2, 1908.)

HOMESTEAD—WAIVER—VALIDITY.

A waiver of homestead, in a notarial act in which the husband gives a mortgage to secure a loan made to him, although so worded as to be apparently by the wife alone, will be held to be also by the husband, since otherwise it would be nonsensical; the wife not having, independently of her husband, any homestead to waive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Homestead, §§ 187, 338.]

(Syllabus by the Court.)

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; Harvey Félix Brunot, Judge.

Action by Adam Coleman against E. Wax and N. S. Dougherty, sheriff. Judgment for plaintiff, and defendants appeal. Reversed, and suit dismissed.

Laycock & Beale, for appellants. John Fred. Odom and Thomas Jones Kernan, for appellee.

PROVOSTY, J. Article 244 of the Constitution provides as follows:

"There shall be exempt from seizure and sale by any process whatever, except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not to exceed one hundred and sixty acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father, or person or persons dependent on him or her for support, * * * to the value of two thousand dollars."

Article 246 provides as follows:

"Any person entitled to a homestead may waive the same by signing with his wife, if she be not separate a mensa et thoro, and having recorded in the office of the recorder of mortgages of his parish such written waiver of the same, in whole or in part. Such waiver may be general or special, and shall have effect from the time of recording."

The plaintiff, Adam Coleman, and his wife, signed a notarial act reciting that plaintiff borrowed $766.66 from the defendant Wax, and that to secure the reimbursement of the loan he granted a mortgage upon certain real estate described in the act, and reciting further as follows:

"Now to these presents personally came and appeared Mrs. Pauline Powers, the wife, of lawful age, of Adam Coleman, who declared that, in accordance with article 246 of the Constitution of 1898, she does hereby specially waive any and all homestead exemptions and privileges existing in her favor under and by virtue of article 244 of the Constitution of 1898, or the laws enacted thereunder, in favor of Edward Wax, and of any future holder or holders of said note, and agrees and stipulates not to claim the same to the prejudice of this mortgage or the debt secured thereby."

Wax having caused the property to be seized to satisfy the mortgage, the plaintiff, Adam Coleman, brought the present suit, enjoining the seizure on the ground that the property is his homestead and that the waiver of the homestead contained in the act of mortgage was not a waiver by him, but only his wife.

We take a different view of the act. True, the verbiage goes no further than a waiver by the wife. Nothing is said about a waiver by the husband. But effect must be given, in matters of contract, to the intention of the parties, and in this case it is manifest that the intention was that the homestead should be waived by both husband and wife. Under any other construction the waiver would be nonsensical, since the wife has not, independently of her husband, any homestead to waive. The parties to the act must be held to have intended to make such a waiver as would mean something—as would have effect; that is to say, a waiver joined in by the husband.

In the case of Bank of Jeanerette v. Stansbury, 110 La. 301, 34 South. 452, cited by plaintiff, there had been, on the facts of the case, no intention to waive the homestead; and this court simply so declared. In the present case, on the contrary, there was, we say, manifestly, such an intention. Cases more nearly in point are Delacroix v. Nolan, 7 La. Ann. 682, and Roberts v. Wilkinson, 5 La. Ann. 370, where the act was given the effect contemplated by the signers, although not covered by the verbiage.

Judgment set aside, demand of plaintiff rejected, and suit dismissed, at plaintiff's cost.