(51 South. 128.)

No. 17,728.

NONA MILLS CO., Limited, v. SWAIN et al.

(Jan. 3, 1910.)

*(Syllabus by the Court.)*

HOMESTEAD (§ 118*)—CONVEYANCE—CONSENT OF WIFE.

The husband, as head and master of the community, may sell the homestead without the consent of the wife.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 203; Dec. Dig. § 118.*]

Appeal from Twelfth Judicial District Court, Parish of Vernon; Don E. So Relle, Judge.

Action by the Nona Mills Company, Limit-ed, against John T. Swain and others. Judgment for plaintiff, and defendants appeal. Affirmed.

D. M. Sholars, for appellants. Palmer & Williamson, for appellee.

### Statement of the Case.

MONROE, J. This is a petitory action for the recovery of a tract of land lying in the parish of Vernon. The defense relied on is that the land is a homestead, that Swain sold it without the consent of his wife, and that the sale was, therefore, null. It is admitted that Swain acquired the land from the United States government under the homestead law; that his wife (who is made codefendant with him) was opposed to his selling, but that he sold it, nevertheless, to plaintiff, for $360 cash, by a warranty deed dated November 9, 1899, and recorded on the same day; that defendants have, however, remained in possession; that the timber on the land is now worth $2,000. There was judgment in the district court in favor of plaintiff, and defendants have appealed.

### Opinion.

The point relied on is that the husband could not sell the homestead without the consent of the wife. But that is not the law. The Constitution of 1879 provided that the homestead should not be mortgaged, save for the purchase price and for labor and material furnished in building and repairing, etc., and that there should be no renunciation or waiver of homestead rights; but it also provided that:

"The right to sell any property which shall be recorded as a homestead shall be preserved." Article 222.

The right referred to, which could not be waived, was the right to hold the property against all creditors save the vendor, the furnisher of labor and material used in improving the homestead, the state or an individual claiming against a public officer, fidu-

ciary, or attorney at law, for money collected, and the state claiming taxes. Article 220. It was also provided that, to be valid, such exemption should be set apart and registered. Article 219.

The present Constitution provides the same exemption, but, additionally, excepts therefrom rent which bears a privilege upon the otherwise exempted property. And it does not require that the exemptions be registered. Article 246 provides that:

"The right to sell any property that is exempt as homestead shall be preserved; but no sale shall destroy or impair any rights of creditors therein. Any person entitled to a homestead may waive the same, by signing, with his wife, if she be not separated a mensa et thoro, and having recorded in the office of the recorder of mortgages of his parish, a written waiver of the same, in whole or in part. Such waiver may be general or special, and shall have effect from the time of recording."

The right of a man to do as he pleases with his own, so long as he does not injure others, is one which may, ordinarily, be exercised without enabling legislation, and, in placing upon it the limitation that no one should be allowed to mortgage his homestead, the framers of the Constitution of 1879 were careful to say that the right to sell the homestead should be preserved. And so with the framers of the present Constitution. After providing that a homestead shall not be seized for debt (with the exceptions mentioned), it was thought advisable to modify the rule, established by the Constitution of 1879 (that the owner of the homestead should not be allowed to subject it to seizure for debt, no matter how badly he might need money or food), by ordaining that he may waive the exemption, provided his wife concurs; and it was not thought advisable to make any change in the provision with respect to his right to sell, which, therefore, remains as it was. The Civil Code (article 2404) provides that the husband, as master of the community, may alienate the immovable property of the community, by onerous title, without the consent of the wife, and it is that right which has been "preserved" by the two Constitutions to which we have referred.

Judgment affirmed.