This is an action to have a contract of sale of two automobile trucks declared violated and annulled, to recover the part of the purchase price that was paid, and for damages. Stated broadly, the allegations of the petition are as follows: The automobile trucks were sold by the defendant Delta Motors Company, Inc., to E.G. McCants, by act of sale before a notary public and two witnesses. A part of the price was paid in cash, and the balance was represented by negotiable promissory notes secured by a mortgage and lien on the trucks. The notes were transferred in due course by the Delta Motors Company, Inc., to the codefendant, American Bank Trust Company. The trucks were sold by McCants to plaintiff by a written contract in which plaintiff expressly assumed the obligation secured by the mortgage and lien. Plaintiff failed to pay the notes, or some of them, at maturity; and the bank, for itself and the Delta Motors Company, Inc., demanded that the trucks should be delivered to the garage of the motors company, to prevent deterioration of the trucks, pending a settlement of the past-due notes or an adjustment of the matter. The *Page 834 
trucks were so delivered, and the motors company gave plaintiff a receipt for them. Two months later plaintiff filed this suit, claiming that the acts of the bank and the motors company constituted a violation of the original contract of sale, and that the bank and the motors company were therefore indebted to plaintiff, in solido, for the amount paid on the purchase price, and for damages, for plaintiff's having been deprived of the use of the trucks, and for having to employ an attorney, etc. Each defendant pleaded that the petition did not disclose a cause or right of action. The pleas were maintained, and the suit was dismissed. Five months later plaintiff took this appeal from the judgment. Appellees have moved to dismiss the appeal, averring:
 "(1) That subsequent to the judgment herein rendered in favor of defendants and appellees and against the plaintiff and appellant, and after the lapse of the delays for taking a suspensive appeal, the property made the subject of this suit was sold by the civil sheriff of the parish of Orleans under an order of seizure and sale.
 "(2) That the plaintiff and appellant had adequate remedy prior to the sale of said property, either by a suspensive appeal or by an injunction, to protect itself, which it failed to do; and that the appeal herein taken, which is a devolutive appeal, is not the proper remedy and comes too late."
It is suggested that, if the allegations of the motion to dismiss the appeal are not admitted or accepted as true, the case should be remanded to allow appellees to prove that the trucks have been sold by the sheriff in foreclosure of the mortgage and lien. There is no occasion, however, for remanding the case for proof of the averment, because the fact would not be a cause for dismissing the appeal. Appellant is not suing to recover the trucks or to enforce a claim upon them. According to the allegations of the petition in this suit, plaintiff had no defense to the foreclosure proceedings, or right to prevent, by injunction or otherwise, the seizure and *Page 835 
sale of the trucks to satisfy the debt secured by mortgage and lien on them. Even if this appeal from the judgment dismissing plaintiff's suit had been taken within the time allowed, and on a bond sufficient for a suspensive appeal, it would not have stayed execution or prevented a seizure and sale in foreclosure of the mortgage and lien on the trucks.
The motion to dismiss the appeal is overruled.
 On Exception of No Right and No Cause of Action.