(90 South. 646)

No. 23573.

## PUGH v. HUNTER.

(Jan. 2, 1922.    Rehearing Denied Jan. 30,
1922.)

*(Syllabus by Editorial Staff.)*

1. **Homestead**  ⬡⟹118(5)—**Husband's convey-
ance without wife's consent in consideration
of grantee's assumption of mortgages valid
even if wife did not join in mortgages.**

Husband's conveyance of homestead without
wife's consent, in consideration of grantee's
assumption of mortgages, *held* valid, even if,
as claimed by wife, she did not join in the
mortgages.

2. **Homestead**  ⬡⟹117—**Husband may sell, but
not mortgage, homestead without wife's con-
sent.**

Husband may sell, but not mortgage, home-
stead without wife's consent.

3. **Homestead**  ⬡⟹117—**Rule that husband may
sell without wife's consent applicable to a
"dation en paiement."**

In view of Code, art. 2659, the rule that the
husband may sell homestead without wife's con-
sent applies to a dation en paiement; the only
difference between them being that the latter
cannot be perfected by mere consent without
delivery, and that therefore the thing sold is at
the risk of the seller until delivery, and may
until then be seized by the seller's creditors.

Appeal from Sixth Judicial District Court,
Parish of Morehouse; Ben C. Dawkins,
Judge.

Action by W. L. Pugh against Rebecca
Hunter.  Judgment for plaintiff, and defend-
ant appeals.  Affirmed.

William B. Stuckey, of Mer Rouge, for ap-
pellant.

J. T. Shell and H. Flood Madison, both of
Bastrop, for appellee.

PROVOSTY, J.    Defendant's husband
deeded the plaintiff the tract of land upon
which he and she lived.  The consideration
of the deed was the assumption by the plain-
tiff of the payment of two mortgages resting
upon the property, one for $1,000, and one
for $435.  The former was due to a com-
mercial firm composed of plaintiff and his
brother, and the latter to a local bank.  At
the time of the execution of this deed the
husband was in jail, and, on being bailed
(plaintiff signing the bond), he left for parts
unknown, and is at present a fugitive from
justice.

The wife continued in undisturbed posses-
sion and enjoyment of the land until the fil-
ing of the present suit, two years and three
months after the execution of the said deed.
The object of the suit is to compel her to
surrender possession.  She pleads that the
$1,000 mortgage was not due, that her hus-
band had given same under duress, and,
moreover, that the same was null because
the property was their homestead, and that,
as a consequence, the said deed was null.

Assuming that the wife has a standing for
urging these defenses, we will proceed to
consider them.

The name of defendant appears to the act
of mortgage for waiving the homestead, but
she denies that she signed the act.  Be that
as it may, the evidence shows conclusively
that the debt for which the mortgage was
given was due, and that the mortgage was
freely given.  The mortgage to the bank, the
payment of which the plaintiff assumed, is
not challenged.

[1-3] While the law does not allow the
husband to mortgage the homestead without
the consent of the wife, it allows him to sell
it; and a dation en paiement cannot, in the
present connection, be differentiated from a
sale.  The Code treats of it under the title of
"Sale," and article 2659 declares that it "is
subjected to all the rules which govern the
ordinary contract of sale."  The only differ-
ence between them is that, unlike sale, it
cannot be perfected by mere consent without
delivery, and that therefore the thing sold
is at the risk of the seller until delivery, and
may, until then, be seized by the creditors of

the seller—differences which can have no influence in the present case. The operation of the homestead law is simply to exempt from seizure and there is no seizure when there has been a sale or dation en paiement.

The judgment of the district court in favor of plaintiff is affirmed. Defendant to pay the costs of appeal.

DAWKINS, J., recused.