(106 So. 574)

No. 25533.

### ABSHIRE v. COMEAUX (COMEAUX, Intervener).

(Nov. 30, 1925.)

(Syllabus by Editorial Staff.)

1. **Acknowledgment ⟨⟩25—Act not notarial act as to wife, not signing in presence of notary.**

Though mortgage, which included waiver of homestead exemption, provided for in Const. 1921, art. 11, §§ 1, 3, was by notarial act, where wife did not sign act in presence of notary, but signed it at her home out of his presence, as to her, act was not a notarial act, but an act under private signature, since notarial acts must be signed in presence of notary.

2. **Homestead ⟨⟩170—Wife, joining husband in waiving homestead exemption, not renouncing matrimonial, dotal, paraphernal, or other rights.**

Wife in joining her husband in waiver of homestead exemption, provided for in Const. 1921, art. 11, §§ 1, 3, does not waive any rights of her own, "matrimonial, dotal, paraphernal, or other," and hence Rev. Civ. Code 1870, art. 129, relative to renunciation by wife of her "matrimonial, dotal, paraphernal, or other rights," is inapplicable.

3. **Homestead ⟨⟩170—Wife's waiver of homestead exemption with husband need not be by notarial act.**

Wife's waiver of homestead exemption, provided for in Const. 1921, art. 11, §§ 1, 3, with husband, need only be a written waiver, and is not required to be by notarial act.

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Proceeding by Randolph J. Abshire to foreclose mortgage on property of Octave Comeaux, wherein latter's wife intervened. Judgment for plaintiff, and intervener appeals. Affirmed.

Louis P. Bryant, of Jeanerette, for appellant.

Burke & Smith, of New Iberia, for appellee.

ST. PAUL, J. [1] Plaintiff foreclosed his mortgage on defendant's property. Defendant's wife intervened, claiming that she had never consented to the waiver of the "homestead exemption" provided for in the Constitution. Article 11, § 1, p. 69; § 3, p. 90.

The mortgage was by notarial act. It included a waiver of the Homestead Exemption, and is signed by the intervener.

The evidence satisfies us, as it did the district judge, that the wife signed the act voluntarily and with full knowledge of what she was doing.

But the fact is that she did not sign the act in the presence of the notary, but signed it at her home out of his presence; same having been taken to her by her husband for the purpose of obtaining her signature thereto.

Therefore, as to her, the act was not a notarial act, but an act *under private signature*; for notarial acts must be signed in the presence of the notary.

### I.

[2] Her contention is that this waiver is not effective and binding on her because not made by notarial act, and because she was not formally instructed thereon by the notary out of the presence of her husband, as required by article 129 of the Revised Civil Code of 1870, relative to the renunciation by a wife of her "matrimonial, dotal, paraphernal, or other rights" upon the property of her husband.

But the contention is not sound. The homestead exemption is not a right, "mat-

rimonial, dotal, paraphernal, or other," of *the wife,* but a right personal to *the debtor,* whether a husband or wife, or neither. Thus:

"There shall be exempt from seizure and sale * * * the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands * * * 'buildings and appurtenances, * * * of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support. * * *" Const. 1921, art. 11, § 1, p. 89.

And all that the Constitution says as to a waiver of homestead rights is said equally about *either the husband or the wife.* Thus:

"Any person entitled to a homestead may waive same, in whole or in part, by signing a written waiver thereof; provided, that if such person be married, and not separated from bed and board from the other spouse, then the waiver shall not be effective unless signed by the latter. * * *" Const. 1921, art. 11, § 3, p. 90.

Thus it does not matter in whose favor the homestead exemption exists, whether it be the husband or the wife. The waiver to be effective *against either* must be signed also by the other. But this does not mean that the other has any *rights* in the property subject to the exemption. For instance, a husband does not acquire by virtue of this constitutional provision or otherwise a right in or on the separate property of his wife, yet such separate property may be the subject of this exemption, as results from the section hereinabove first quoted, but still he must join her in waiving the homestead exemption thereon, not for the purpose of authorizing

159 LA.—35

her (see Act 219 of 1920, p. 364), but to make it effective against *her,* under the very terms of the Constitution itself.

There are therefore no *rights of the wife* "matrimonial, dotal, paraphernal or other," which she is required to waive when she joins her husband in waiving *his* homestead rights so as to make *his* waiver effective *even against him;* and the question which confronts her when about to sign with him is not whether she be willing to renounce any of *her* "matrimonial, dotal, paraphernal, or other rights," against his property, but whether she will consent to *his* waiving of *his* homestead rights, and make *his* waiver effective by joining with him therein.

The article of the Civil Code, above referred to, has therefore no application whatever to the joining of a wife with her husband in the waiver of a homestead exemption.

II.

[3] For the rest, the Constitution requires simply that the waiver of a homestead exemption shall be *in writing;* "a written waiver." It does not require that such *written waiver* be by notarial act. It may be that the Legislature might prescribe the form of such written waiver, but it has not done so, and courts cannot require any more than that the waiver be *in writing.*

Decree.

The judgment appealed from is therefore affirmed.