148 So. 680

**BANK OF COUSHATTA v. BURCH.**

No. 31578.

May 1, 1933.

Rehearing Denied May 29, 1933.

Stephens & Stephens, of Coushatta, for appellant.

Rusca & Cunningham, of Natchitoches, for appellee.

On Motion to Dismiss Appeal.

BRUNOT, Justice.

The plaintiff, as the assignee of a promissory note of the defendant secured by the mortgage of certain described property, filed executory proceedings to enforce payment of the note, interest, and attorney's fees, and caused the mortgaged property to be seized and advertised for sale thereunder. On the application of the defendant for an injunction the court issued the usual rule nisi coupled with a restraining order. The rule was answered, heard, and the preliminary injunction prayed for therein was granted. Issue was joined on the merits, the case was tried, and judgment was rendered thereon perpetuating the preliminary injunction. From this judgment the plaintiff appealed.

The appellee has moved to dismiss the appeal upon the alleged ground that the appellant has acquiesced in the judgment appealed from, that it is now without interest and, therefore, the appeal presents only moot issues. To this motion the appellant filed a plea of estoppel and an answer. The answer is, in effect, a general denial of the allegations of the motion.

The record discloses that the mortgage note upon which executory process issued was assigned to the plaintiff, for value, by Mrs. Lula Lea Lockett, executrix of the estate of Keet Lockett, deceased. This assignment was made by notarial act, and the note is attached to the plaintiff's petition for the order of executory process. After the transcript of appeal was filed in this court, Mrs. Lula Lea Lockett, executrix of the estate of Keet Lockett, deceased, filed a petition in the district court in which she alleged that she had acquired the aforesaid mortgage note in due course of business, and as the holder and owner thereof she prayed for and obtained from the court an order of executory process to enforce the payment of the note. In this matter the appellee herein filed a petition in which he prays for a restraining order and, after due proceedings, for an injunction restraining the sale of the property seized under the order of executory process. The appellant's plea of estoppel to the appellee's motion to dismiss the appeal is based upon the allegations in the petition for injunction filed by appellee in Mrs. Lockett's foreclosure proceeding. We quote from that petition the following:

"1. That on the 6 August 1931, the Bank of Coushatta, alleging it was the owner and holder of a certain promissory note executed by your petitioner herein, having acquired same for value in due course of business, and which note was secured by mortgage duly recorded, obtained on its petition filed in this Court a writ of seizure and sale and thereunder the Sheriff of your said parish seized and advertised petitioner's property for sale under said writ.

"2. Avers that on 24 September 1931, your petitioner herein applied to this Honorable Court for a writ of injunction to restrain the said Bank of Coushatta, seizing creditor, and the Sheriff of this Parish from further proceeding under said writ and for a permanent injunction and an annulment of the order of

seizure and sale. Issue having been joined and a trial on the merits had, this Honorable Court rendered judgment enjoining and prohibiting said seizing creditor from offering for sale and/or selling petitioners said property.

"3. Petitioner makes part of this petition for the order of executory process in the matter entitled Bank of Coushatta v. J. T. Burch, No. 6242 on the Docket of this Court; the order and writ, the petition for writ of injunction, the answer, judgment, the minutes of Court, the application of the plaintiff in writ and defendant in injunction for a rehearing and the denial thereof.

"4. Now shows that from said judgment the said Bank of Coushatta prosecuted an appeal to the Honorable Supreme Court and having perfected its said appeal, said cause is now pending in the said Court.

"5. Now your petitioner shows that Mrs. Lula Lea Lockett, Executrix, plaintiff in the above numbered and entitled cause, presented a petition to the Clerk of the Court on the 8 day of July 1932, alleging her ownership and possession of said note and prayed for an order of executory process and thereunder said order issued and the Sheriff of your said parish has seized and advertised for sale petitioner's said property for Saturday, September 3, 1932, as will more fully appear from a copy of the public notice of sale made a part hereof.

"6. That in the trial of the case entitled Bank of Coushatta v. J. T. Burch, No. 6242, the said Bank, plaintiff in writ, filed in evidence the note identified with the act of mortgage which was attached to and made a part of its petition and which note was offered and received in evidence, among other things, to show a notarial assignment and transfer by the said Mrs. Lula Lea Lockett, Executrix, to the said Bank of Coushatta.

"8. Petitioner further shows that the said Mrs. Lula Lea Lockett, Executrix, is not the owner and possessor of the note; that said note is a part of the record in the suit No. 6242 which is now pending as aforesaid and it could not have been legally acquired by her. That the note and mortgage are indivisible and there cannot be two foreclosures of the same at the same time,—one by the assignor and another by the assignee. Such proceedings is unknown to the laws of Louisiana.

"9. Avers that the issuance of the writ of injunction in the said cause No. 6242, so long as the judgment of the District Court remains pending on appeal, did not have the effect of releasing the seizure and said writ of seizure and sale in said cause is yet in effect and the subsequent order of seizure and sale obtained by the said Mrs. Lula Lea Lockett, Executrix, is illegal, null and void.

"12. That the said judgment in the suit Bank of Coushatta v. J. T. Burch, No. 6242 on the docket of this Court is final and conclusive, until modified or reversed on appeal, not only between the parties thereto but also as to their successors, assignees and transferees."

As a general rule, subject to some exceptions, parties are estopped by their pleadings in judicial proceedings. The law holds them to their allegations of record and does not permit them to negative what they have solemnly declared to be a fact. (See cases cited in 3 La. Dig. page 83, Estoppel, § 2).

In view of the allegations quoted from the petition for injunction filed by appellee in Mrs. Lockett's foreclosure proceeding, the general rule must be applied in passing upon the motion to dismiss the appeal in this case. Under this rule it is apparent that appellee is judicially estopped from questioning the appellant's present ownership of the Burch note, or of its interest in prosecuting this appeal to final judgment. For these reasons the motion to dismiss the appeal is overruled.

### On the Merits.

The petition for an injunction restraining the sale of the mortgaged property is based upon four alleged grounds:

The first is that executory process issued without authentic evidence of the debt.

Counsel is mistaken. The petition for executory process contains all the necessary allegations, and the note and a duly certified copy of the act of mortgage are attached thereto and made a part thereof. In the case of Franek v. Brewster, 141 La. 1031, at page 1044, 76 So. 187, 192, this court says:

"The only process afforded a defendant for arresting executory proceedings, on the complaint that there was not sufficient authentic evidence before the judge to authorize the issuance of his fiat, is by an appeal from the order of seizure and sale. And the only remedy for arresting executory proceedings, on grounds not disclosed by the proceedings, is by injunction."

Appellee finds solace in the last sentence of the quotation from the Franek-Brewster Case because, on the trial of this case, he was permitted, over the objection of opposing counsel, to establish by oral testimony that the original act of mortgage was lost or mislaid, and that the certified copy thereof attached to and made a part of the petition for executory process was not a copy of the original act, but a copy of the act as it appears in the mortgage records of the parish, and that this fact was not disclosed in the petition for executory process. The clerk's certificate is clear, specific, and conclusive as to the sufficiency of authentic evidence to justify the issuance of the court's order. It is as follows:

"I hereby certify the above and foregoing to be a true and correct copy of the original, as the same appears on file and of record in my office, together with all endorsements thereon."

In the case of Godefroy Dupre v. Mrs. M. M. Anderson, 45 La. Ann. 1134, 13 So. 743, 744, this court said:

"The particular ground upon which the injunction is rested is that the order of seizure and sale issued without production of the complete, authentic evidence required by law. It has been repeatedly and distinctly held that this affords no ground for injunction in any case, but that the remedy is by appeal."

See, also, City of Shreveport v. Flournoy, 26 La. Ann. 709; Chaffe & Sons v. Dubose, 36 La. Ann. 257.

The second ground for injunction is that there is no authentic evidence of the assignment of the note by Mrs. Lockett to the Bank of Coushatta. The notarial assignment thereof appears on the reverse of the note. Whether or not Mrs. Lockett was properly clothed with authority to make the assignment is a question in which the co-owners of the note, as the heirs of her deceased hus-

band, are alone concerned. Moreover, it is seen from our quotations from the petition for injunction made during our consideration of the motion to dismiss the appeal that appellee is judicially estopped from questioning the Bank of Coushatta's ownership of the note.

The third ground for the injunction prayed for is the alleged prescription of the note. This plea is abandoned. See appellee's brief, p. 6.

██ The fourth and last contention is that the mortgaged property is the homestead of the mortgage debtor and that the seizing creditor proposes to sell the property free of the homestead claims. This contention is based upon the alleged omission from the act of mortgage of a homestead waiver. The certified copy of the act of mortgage attached to the petition for executory process contains the following recital:

"The said mortgagor further declares that he hereby waives and relinquishes in favor of the mortgagee or any future holder of the note herein any and all homestead claims or exemptions to which he is entitled by law upon said property.

"And also appeared Margie Burch wife of said J. T. Burch herein aided and authorized by her husband; who declared that she hereby joins and concurs in the above waiver and relinquishment and consents thereto."

The notary who prepared, and before whom the mortgage and the note identified therewith were executed, testified that the original act of mortgage contained the foregoing provisions and that J. T. Burch and his wife, Margie Burch, signed the said act of mortgage. In none of appellee's pleadings is there a charge of fraud, deception, or forgery. Moreover, in the case of Lee v. Cooper, 155 La. 143, 98 So. 869, 870, this court, through its Chief Justice, said:

"In the second place, the homestead exemption does not give to the beneficiary the absolute right to prevent a seizure or sale of the homestead. The exemption gives the beneficiary the right merely to require that the property shall not be sold unless for a sum exceeding $2,000, in which event he shall have $2,000 of the proceeds."

For the reasons stated, the judgment appealed from is annulled and the writs of injunction issued by the court below are dissolved at appellee's cost in both courts.