## TEXARKANA CASKET CO. v. BROOKS.

### No. 5674.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1938.

Rehearing Denied July 15, 1938.

Certiorari Denied Aug. 5, 1938.

Arthur C. Watson, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

HAMITER, Judge.

An order of executory process was prayed for and obtained herein by plaintiff in the foreclosure of a real estate mortgage executed by defendant. Pursuant thereto, the usual writ of seizure and sale issued and the encumbered property was seized by the proper authority and duly advertised.

Prior to the date fixed for holding the sale, defendant presented a petition to the district court alleging in substance, (1) that the note secured by the mortgage in question had been paid and (2) that the plaintiff is a foreign corporation not authorized to transact business in this state and therefore is not permitted to institute this suit. He prays that a rule issue ordering plaintiff to show cause why the proceedings should not be dismissed.

The rule issued as prayed for, and to it plaintiff tendered exceptions of no cause and no right of action.

Thereafter the exceptions were overruled, the rule was made absolute, the order of executory process was recalled, and plaintiff's suit dismissed at its cost.

This appeal was prosecuted by plaintiff.

Defendant has filed an answer to the appeal in which he pleads the prescription of five years in bar of plaintiff's demands.

Appellant's counsel urges here the exceptions of no cause and no right of action directed to the rule to show cause sought and obtained by defendant. He argues that the procedure resorted to in attacking the executory proceedings is improper, unauthorized and illegal. We think there is merit in his contention and that the exceptions should have been sustained.

The procedure of opposing executory process by means of a rule to show cause was disapproved by the Supreme Court in the early case of Minot v. President, etc., of Bank of U. S., 4 Rob. 490.

It was held in the case of Franek v. Brewster, 141 La. 1031, 1043, 76 So. 187, that an appeal from the order of seizure

and sale was the only process afforded a defendant for arresting executory proceedings where the complaint is that there was not sufficient evidence to authorize the order; and that the only remedy for opposing executory process on grounds not disclosed by the proceedings is by injunction. The Franek Case cites Minot v. President, etc., supra, approvingly, and is itself quoted from in Bank of Coushatta v. Burch, 177 La. 465, 148 So. 680.

This court said in Trimble v. Chavis, 11 La.App. 208, 123 So. 513, that (page 514): "There are only two methods by which a defendant in executory proceedings can stay the execution of a writ; one is to appeal suspensively and give bond, and the other is to enjoin the sale, setting up the grounds for relief."

As the procedure employed by defendant in his attack in the instant case is reprobated in law and improper, it necessarily follows that his plea of prescription filed in this court cannot be considered.

The judgment of the trial court making absolute the rule to show cause is reversed and set aside, the exceptions of no cause and no right of action are now sustained, and the rule is dismissed at defendant's cost. The case is remanded for the purpose of permitting plaintiff to proceed, according to law, with its executory process. Costs of this appeal shall be paid by defendant.