16 So.2d 892

**PROVOST et al. v. HARRISON et al.**
**No. 37025.**

Feb. 7, 1944.

Charles E. Fernandez, of Franklin, for plaintiffs and appellants.

Rene H. Himel, of Franklin, for defendants and appellees.

ROGERS, Justice.

Louis Provost and Louise Landry Provost, his wife, brought suit against Louise V. Harrison and Marion L. Harrison, Jr., the widow and son and sole heir of Marion L. Harrison, to recover a portion of land on which they resided for a number of years. Louis Provost voluntarily had conveyed the property sued for to Marion L. Harrison in payment of an indebtedness secured by a mortgage granted with a waiver of the homestead exemption. Thereafter the property was leased at a monthly rental of $10 by Harrison to Provost who, together with his wife, remained therein for a period of seven years. Plaintiffs' main demand is based upon alleged fraud and is coupled with several alternative demands. Defendants filed a plea of estoppel and an exception of no right or cause of action, which were referred to the merits. Defendants, with the reservation of their pleas, also filed an answer. When the case was called for trial, counsel for defendants objected to the admission of any testimony. The trial judge withheld his ruling on the objection. After hearing the parties, the trial judge held that there was no merit in plaintiffs' suit. He sustained the plea of estoppel and exception of no right or cause of action. Plaintiffs are appealing from the judgment.

Louis Provost, who operated a retail meat market in the Town of Baldwin, over a period of time incurred an indebtedness of $1,362.26 for meat purchased from Wilson J. Robichaux, a wholesale dealer. The record discloses that as Robichaux desired some evidence of the indebtedness and security for its payment, Provost granted a mortgage on his home, with the homestead waiver also signed by Mrs. Provost. The mortgage was executed on June 21, 1928, and was recorded in the clerk's office of St. Mary Parish on June 22, 1928. Subsequently, Wilson J. Robichaux, in payment of an indebtedness due by him to Marion L. Harrison, transferred the mortgage note to Harrison. Provost did not make any payments whatever on the note either as to principal or interest and on April 30, 1934, he transferred the mortgage property to Harrison for the cancellation, settlement and satisfaction of the mortgage indebtedness. On the same day, the act of transfer was filed for recordation in the clerk's office of St. Mary Parish, the mortgage note was cancelled by the clerk and the cancellation endorsed on the back of the note. At the same time, the mortgage from Provost to Robichaux was cancelled

on the mortgage records. Provost then leased the property from Harrison for a monthly rental of $10 which he paid without objection until the month of April, 1940, when he refused to pay any more rent. By judgment of the Sixteenth Judicial District Court for the Parish of St. Mary rendered and signed on April 23, 1940, Mrs. Louise V. Harrison was recognized as the widow in community and Marion L. Harrison, Jr., was recognized as the sole heir of Marion L. Harrison, and, as such, placed in possession of the property of the succession. This judgment was filed for recordation in the clerk's office on April 23, 1940. Persisting in his refusal to pay any further rent, Provost and his wife were ejected from the property in a suit for its possession brought by the Harrisons in the district court. Subsequently, Provost and his wife instituted this proceeding.

The testimony in the record satisfies us that no fraud was perpetrated upon plaintiffs in connection with the execution of any of the instruments under review in this case. The testimony shows that prior to its execution the act of mortgage with homestead waiver was discussed between Robichaux and Provost and his wife, who fully understood the transaction. Neither Provost nor Mrs. Provost objected to the giving of the mortgage and the waiver of the homestead, and they voluntarily executed the notarial act. The mortgage note was made payable in five years, thus giving the Provosts ample time in which to pay it. After the lapse of five years during which period nothing had been paid on the note either in principal or interest, Provost voluntarily transferred the property to Marion L. Harrison, the then holder, in order to pay the note and to discharge his indebtedness. The mortgage indebtedness was satisfied, the mortgage note duly cancelled was returned to Provost and the mortgage itself was cancelled on the mortgage records the same day the property was transferred by Provost to Harrison. Provost immediately leased the property from Harrison at a rental of $10 per month which he paid without objection for a period of seven years.

Plaintiffs' principal contention is that the act of mortgage and waiver of the homestead right is invalid because it was executed in contravention of the prohibition embraced in sections 1 and 2 of Article 11 of the State Constitution. Plaintiffs argue that in view of the constitutional provisions, a mortgage bearing upon property occupied as a home can not be given for the purpose of converting an unsecured debt into a debt secured by mortgage on property otherwise entitled to the homestead exemption. From the wording of section 2 of Article 11, plaintiffs draw the conclusion that the waiver of the homestead right accorded by section 3 of Article 11 applies only to the debts enumerated in section 2. Plaintiffs are in error in their interpretation of the constitutional provisions.

Section 1 of Article 11 exempts the homestead bona fide owned by the debtor from seizure and sale where it does not exceed in value the amount stipulated in the section. Section 2 of Article 11 specifi-

cally provides that the homestead exemption granted under section 1 shall not apply to the debts enumerated in section 2. In other words, the homestead exemption granted under section 1 does not extend to the debts enumerated in section 2. From which it follows that property is not exempt as a homestead from seizure and sale for the debts of the character set forth in section 2, although it may not be subject to seizure and sale for any other character of indebtedness unless there has been an express waiver of the homestead.

Section 3 of Article 11 empowers any person entitled to a homestead to waive the homestead in whole or in part, the waiver to be effective in the case of married persons only if it be signed by both spouses.

As no exemption is applicable to the debts enumerated in section 2 of Article 11 of the Constitution and as section 3 of Article 11 provides for the waiver of the homestead as to those debts which are exempt, it follows that the owner of the homestead may mortgage his property as he sees fit, waiving the homestead where it is necessary to do so.

A pre-existing debt is sufficient consideration for the execution of a mortgage and a mortgage given to secure an antecedent debt is valid. Gast v. Gast, 197 La. 1043, 3 So.2d 173. Since a mortgage may be executed for a pre-existing debt and since the homestead may be waived as to any debt due by the person entitled thereto, it follows that a mortgage

bearing upon a person's homestead may be validly executed for the purpose of converting an unsecured debt into a secured debt, provided that the homestead is waived in case the debt is one subject to the homestead exemption.

In Allen, Nugent & Co. v. Carruth, 32 La.Ann. 444, it was held that a person, who, in consenting to a mortgage, has specially waived the homestead, can not quoad the mortgaged property claim the homestead. This case is referred to with apparent approval in Kay v. Furlow, 178 La. 637, 152 So. 315. Invoking the principle announced in the case of Allen, Nugent & Co. v. Carruth, defendants contend that, having mortgaged the property and having waived the homestead, plaintiffs are estopped from now claiming the benefit of the homestead exemption. They say this is especially true since the mortgagor subsequently transferred the property to the holder of the mortgage note in payment of the mortgage indebtedness, and furthermore leased the property from the transferee. These contentions form the basis of defendants' plea of estoppel and exception of no right or cause of action. Defendants have cited a number of cases in which the waiver of the homestead exemption has been recognized and enforced. These cases are Cormier v. Hoyt, 116 La. 602, 40 So. 912; Fruge v. Fulton, 120 La. 750, 45 So. 595; Coleman v. Wax, 120 La. 877, 45 So. 926; Oxford v. Colvin, 134 La. 1094, 64 So. 919; Abshire v. Comeaux, 159 La. 1087, 106 So. 574; First Nat. Bank v. Hebert, 162 La. 703, 111 So. 66; Bank v. Burch, 177 La. 465, 148 So. 680; Industrial

Loan Co. v. Hendricks, 179 La. 342, 154 So. 18.

When the transfer from Louis Provost to Marion L. Harrison was made on April 30, 1934, the mortgage note signed by Provost was nearly six years old, long past due, and nothing had been paid upon it in either principal or interest. Harrison, the holder, upon the nonpayment of the note at maturity had the right to enforce the mortgage.

■ A person with the capacity to contract is at liberty to do voluntarily that which he could be compelled to do by law. Eagle Trading Co. v. Delta Motors Co., 157 La. 832, 103 So. 182.

Obviously, it was to the advantage of Provost to voluntarily transfer the mortgaged property to Harrison in satisfaction of the mortgage indebtedness, because Harrison, the holder of the mortgage note, thereby accepted the property in full settlement of the amount due by Provost on the note.

■■ Whether the transfer from Provost to Harrison in payment of Provost's mortgage indebtedness be considered as a sale or a dation en paiment, the transfer was valid without the consent of Mrs. Provost. Under section 3 of Article 11 of the State Constitution, the right to sell any property that is exempt as a homestead is expressly preserved. And the husband, as the head and master of the community, may sell the homestead without the consent of his wife. Civ.Code, Art. 2404; Nona Mills Co. v. Swain, 125 La. 233, 51 So. 128; Pugh v. Hunter, 150 La. 275, 90 So.

646. Even if it were possible that any homestead rights were retained by Provost and his wife after the execution of their waiver, those rights were extinguished by the transfer of the property by Provost to Harrison. Brooks v. Broussard, 136 La. 380, 67 So. 65. That it was so considered by the Provosts is shown by the fact that after the transfer they acknowledged Harrison's title and held the property under him and for him as tenants from April, 1934 until they were ejected therefrom in March, 1941.

■ There is no merit in any of plaintiffs' alternative demands. Plaintiffs' demand that the sale from Provost to Harrison be annulled because it was made on Sunday, April 29, 1934, and not on Monday, April 30, 1934, has no substance. In the first place, the testimony offered by plaintiffs in support of this demand is not sufficient to overcome the fact that the notarial act itself shows that it was executed on April 30, 1934, and the endorsement of the clerk of court on the back of the mortgage note shows that it was cancelled on the same day as was the inscription of the mortgage on the parish records. Certainly there is no question that the transaction was completed on April 30, 1934. In the second place, we know of no law in this State and have been referred to none which prohibits the making of contracts, the signing of notes, or the execution of sales or other transfers of property on Sunday.

Plaintiffs' demand, based on the alleged failure of consideration due to the alleged invalidity of the mortgage note forming

the basis thereof, that the sale from Provost to Harrison should be dissolved in the event defendants refuse to pay plaintiffs the purchase price within six months from the rendition of a final judgment, is not well founded. The demand, although urged in the alternative, is involved in plaintiffs' main demand which, as we have shown, must be disposed of adversely to plaintiffs' pretentions. The same thing may be said of plaintiffs' demand for the return of the rentals allegedly paid to Harrison through error and to the plaintiffs' attack on the judgment rendered in the Succession of Harrison, recognizing the defendants as the widow and sole heir and placing them in possession of the decedent's estate, including the property in dispute.

For the reasons assigned, the judgment appealed from is affirmed.